IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DLJ MORTGAGE CAPITAL, INC.,**

   Plaintiff,

   v.

**ESTATE OF MARIA ESTHER DE JESUS-SANTA,** *et al.***,**

   Defendants.

Civil No. 15-1596 (BJM)

## OPINION AND ORDER

DLJ Mortgage Capital, Inc. ("DLJ") brought this action in diversity against the Estate of Maria Esther de Jesus Santa ("The Estate") to collect and foreclose on a mortgage note. Docket No. 1 ("Complaint") ¶ 14. Before the court is DLJ's unopposed motion for summary judgment. Docket No. 25. ("Mot"). The parties consented to proceed before a magistrate judge. Docket No. 16. For the reasons set out below, plaintiff's motion for summary judgment is **GRANTED**.

### BACKGROUND

On June 16, 2005, Maria Esther de Jesus Santa received a mortgage loan from RG Premier Bank of Puerto Rico in the amount of $110,200.00 with an annual interest rate of 6.125 percent, and the loan agreement was evidenced by a mortgage note. Docket No. 25-2.[1] The note was secured by mortgage deed number 407, executed on June 16, 2005, which encumbered property 1791, as recorded at page 1039 of volume 36 of the San Juan Registry

---

[1] The plaintiff's motion did not adhere to Local Rule 56, which requires parties at summary judgment to supply a brief, numbered statements of undisputed facts, supported by citations to admissible evidence. However, this court has discretion to enforce the rule, *see Mariani-Colon v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007), and in the instant case has chosen not to do so.

DLJ Mortgage Capital, Inc. v. Estate of Maria Esther De Jesus-Santa, *et al.*, Civil No. 15-1596 (BJM)　　　2

of Property, Third Section. Docket No. 25-4 at 20. The property was described in the deed as follows:

> URBANA: Solar radicado en la Urbanización Las Lomas, situada en el Barrio Gobernador Piñero (antes Monacillos) de Río Piedras, que se describe en el plano con el número 5 de la manza I-3, con un área de 253.44 metros cuadrados. En lindes por el NORTE, con el solar número 4 en distancia de 21.24 metros cuadrados; por el SUR, con el colar número 6 en distancia de 21.00 metros; por el ESTE, que es su frente con la calle número 29 en distancia de 12.00 metros; y OESTE, con el solar 35 en distancia de 12.00 metros. Enclava casa de hormigón, que contiene, sala, comedor, cocina, baño, 3 habitaciones y balcón.

Docket No. 25-4 at 20. On June 29, 2012 the note was modified with a new principal amount of $118,946.54, new monthly payments, and a new maturity date. Docket No. 25-3. The modified note was secured by a mortgage deed for the same property executed on June 29, 2012. Docket No. 25-5. The property is registered to Maria Esther de Jesus Santa, *see* Docket No. 25-6, and is now owned by the Estate, which is composed of Ramon Alberto Ortiz de Jesus and Ingrid Marie Ortiz de Jesus ("Defendants"). Docket No. 6-1. DLJ is the owner and holder of the mortgage note in the amount of $110,200, originally issued to the order of RG Premier Bank of Puerto Rico. Docket No. 25-1 ¶ 4. Defendants defaulted on December 1, 2013. *Id* ¶ 5. Defendants owe plaintiff $117,930.32 on the principal, accrued interest at an annual interest rate of 6.125 percent, late charges amounting to 5 percent of monthly installments in arrears over fifteen days since the installments were due, advancements made pursuant to the provisions of the mortgage note and mortgage deed, and expressly agreed-upon attorneys' fees and legal costs amounting to 10 percent of the original principal balance. *Id* ¶ 5. This action was filed against defendants on May 15, 2015. Complaint.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under

DLJ Mortgage Capital, Inc. v. Estate of Maria Esther De Jesus-Santa, *et al.*, Civil No. 15-1596 (BJM)                3

the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The court does not weigh facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

The movant must first inform "the district court of the basis for its motion," and identify the record materials "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1). If this threshold showing is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the [facts of the record]." *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

**DISCUSSION**

DLJ argues that it is entitled to summary judgment against Defendants for the payment of $117,930.32 on the principal balance, interest on the balance until payment, 10 percent of the original principal for attorneys' fees and costs, late fees amounting to 5 percent of any monthly payments in arrears over fifteen days after the installment is due, and all advancements made pursuant to the provisions of the mortgage note and deed. Docket No. 25. Defendants have not opposed. But "even an unopposed motion for summary judgment should not be granted unless the record discloses that there is no

DLJ Mortgage Capital, Inc. v. Estate of Maria Esther De Jesus-Santa, *et al.*, Civil No. 15-1596 (BJM)     4

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 13 (1st Cir. 2007).

In this diversity action, Puerto Rico law applies. *See CitiMortgage, Inc. v. Rivera-Anabitate*, 39 F. Supp. 3d 152, 154 (D.P.R. 2014). Under Puerto Rico law, "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. tit. 31, § 2994. A mortgage is "a guarantee of a debt, which in turn is secured by a particular property." *Chicago Title Ins. Co. v. Sotomayor*, 394 F. Supp. 2d 452, 460 (D.P.R. 2005) (citing *Torres v. Fernández*, 47 D.P.R. 845, 848 (1934)). As Judge Pieras explained:

> [I]t is important to distinguish between the actual debt and the mortgage.
>
> Any given debt can give rise to a personal action for collection of monies which may eventually be executed upon personal or any other property of the debtor. These proceedings will be filed against the debtor and the prayer for relief is limited to money. The mortgage, on the other hand, is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt.

*Chicago Title Ins.*, 394 F. Supp. 2d at 460. A secured creditor may take legal action to collect on a debt and enforce the plege if not timely satisfied. *Banco Central y Economías v. Registrador*, No. O-81-493, 1981 WL 176550 (P.R. Nov. 25, 1981).

In this case, it is undisputed that defendants have failed to comply with the terms and conditions of the mortgage note. *See* Docket No. 25-1. The note permits that "if any monthly installment under this Note is not paid when due and remains unpaid after a date specified by a notice to borrower, the entire principal amount outstanding and accrued interest thereon shall at once be payable." Docket No. 25-2 at 2. Further, the note entitles DLJ, as the note holder, to collect its costs and expenses to enforce the note, fixed at 10 percent of the original principal amount. *Id.* Lastly, the note requires that the borrower pay the noteholder a late charge of 5 percent of any monthly installment not received by the noteholder within fifteen days after the installment is due. *Id.* Thus, there is no genuine

issue of material fact as to defendants' liability and plaintiff's right to seek judicial enforcement of payment of defendants' outstanding debt.

## CONCLUSION

For the foregoing reasons, DLJ's motion for summary judgment is **GRANTED**, and judgment will be entered in the amount of $117,930 for the principal balance, interest on the balance at a rate of 6.125 percent per annum until fully paid, the stipulated amount of 10 percent for attorneys' fees and costs, equivalent to $11,020.00, and the stipulated late fees amounting to 5 percent of monthly installments that are fifteen days past due.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, this 16th day of June, 2016.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge